The Honorable Gene Knize County Attorney Ellis County Waxahachie, Texas 75165
Re: Authority of a commissioners court to reduce the salary of the secretary to the county attorney.
Dear Mr. Knize:
You have requested our opinion regarding the authority of the Commissioners Court of Ellis County to reduce the salary of the county attorney's secretary. On August 27, 1976, the commissioners court approved `amended salary classifications' for fiscal 1977. Included therein was a salary increase which the county attorney had requested for his secretary. On November 19, 1976, the commissioners court approved a new salary schedule, effective December 1, 1976. The new schedule reduced the salary of the county attorney's secretary to its pre-September 1 level. The county attorney had not requested the decrease.
Article 332a, V.T.C.S., provides that
 Salaries of assistant prosecuting attorneys, investigators, secretaries and other office personnel shall be fixed by the prosecuting attorney, subject to the approval of the commissioners court of the county or the counties composing the district. Sec. 5.
`Prosecuting attorney' is defined to include county attorneys. See. 1. In Attorney General Opinion H-908 (1976), we held that a commissioners court was authorized to refuse approval of salaries proposed by a prosecuting attorney pursuant to article 332a. We indicated, however, that the prosecuting attorney was responsible for initially setting the salaries. In our opinion, while the commissioners court may reject any salary proposal submitted by a prosecuting attorney, it may not itself fix that salary.
It would appear that the Commissioners Court of Ellis County, by virtue of its November 19 order, has attempted to fix a new salary for the county attorney's secretary. Under the terms prescribed by article 332a, only the county attorney may set the salary of his secretary. Unless and until he proposes a salary change to the commissioners court, his secretary's salary cannot be altered. Accordingly, under the facts you have presented it is our opinion that the Commissioners Court of Ellis County was without authority to reduce the salary of the county attorney's secretary from that set by the county attorney and approved by the commissioners court on August 27, 1976.
 SUMMARY
Pursuant to article 332a, V.T.C.S., a commissioners court may not set the salary of the county attorney's secretary. Its authority thereunder is limited to approval or disapproval of the salary fixed by the county attorney.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee